# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 1:20-CR-14

RICHARD MANSFIELD

## ORDER

On July 29, 2020, Richard Mansfield pled guilty to a one-count indictment charging him with failure to register as a sex offender. Docs. #1, #42. On October 21, 2020, the Court sentenced Mansfield to 33 months imprisonment and entered judgment accordingly. Doc. #54.

On or about May 3, 2021, Mansfield filed a pro se motion to reduce his sentence or to "have [his] out date changed." Doc. #56. In its response opposing the motion, the government argues that this Court is without jurisdiction to modify or reduce Mansfield's sentence. Doc. #57.

A district court's jurisdiction to modify or reduce a defendant's sentence "is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582." *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010). Specifically, § 3582(c) provides that a district court may not modify a sentence except:

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment … if it finds that--
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison … for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the

> Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community …;
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment ….

Here, Mansfield fails to advance any substantive argument in support of the relief he requests. And his motion does not maintain that any of the circumstances set forth in § 3582(c) apply. To the extent Mansfield seems to challenge the Federal Bureau of Prisons' interpretation of this Court's judgment,[1] his challenge is more appropriately addressed to the Federal Bureau of Prisons.[2] For these reasons, the Court lacks jurisdiction to modify or reduce Mansfield's sentence and, accordingly, his motion for such relief [56] is **DENIED**.

**SO ORDERED**, this 8th day of July, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] The motion states, "You had said that I have 6 months halfway house, well the wardin [sic] is only giving 30 days halfway house." Doc. #56. Contrary to the motion, the judgment in this case contains no such provision. *See* Doc. #54.

[2] The Federal Bureau of Prisons has exclusive authority to determine where a prisoner is housed. *See* 18 U.S.C. § 3621(b) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.").